1.
2.       **FACTS, SUMMARY, AND LEGAL CLAIMS**
3.
4.       **MATERIAL FACTS**
5. (i)Abuse of Discretion, (ii) Violation of Due Process, (iii) Violation of Equal Protection *"Discrimination Against Class of One"*, (iv) Emotional Distress, (v) Denied Access to the Court, (vi) 8th Amendment Violations.
6. Discovery is incomplete, key material facts can be proven through discovery.
7.       **FACTS**
8. Plaintiff Lord James Christopher, hereafter referred to as Plaintiff, was formally charged with the allegation of child molestation during the month of June 2015.
9. **MAY 25, 2018:** When Plaintiff appeared before the court on this date Plaintiff had in Plaintiff's possession a motion for discovery as well as a motion to strike/dismiss complaint request for full finding of fact and conclusion of law. The fact that Plaintiff had already been made to suffer years of mental and emotional distress, financial ruin, and defamation of character, along with having to travel over 400 miles to appear at the Glynn County Superior Court, lead Plaintiff to attempt to have Plaintiff's motion to strike/dismiss heard at this arraignment.

10. Case No. CR-1800318 was called and when Plaintiff appeared before the court Plaintiff attempted to seek valid, relevant clarification about the nature and the cause of the actions against Plaintiff in order to enter an informed plea. Plaintiff was interrupted, rushed and bullied by Defendant Anthony L. Harrison of the Glynn County Superior Court. Plaintiff's attempt to challenge jurisdiction, in particular subject matter jurisdiction, angered Defendant Anthony L. Harrison. Plaintiff only wanted to make sure that Plaintiff understood that subject matter jurisdiction had been established after Plaintiff's challenge. Plaintiff's understanding was that jurisdiction could be challenged at any time. Plaintiff wanted to make sure that Case No. CR-1800318 had proper standing before any further violation of Plaintiff's liberty took place. Instead, Plaintiff was met with hostility from Defendant Anthony L. Harrison.

11. Despite Plaintiff making Defendant Anthony L. Harrison aware of the threats of violence that Plaintiff was facing and that Plaintiff was only attempting to mitigate those threats of violence, Defendant Anthony L. Harrison denied Plaintiff a chance to mitigate the threats of violence, allowing Plaintiff less than 10 minutes of the court's time before ending the arraignment and menacingly telling Plaintiff to end Plaintiff's line of clarification and exit the courtroom.

12. Defendant Anthony L. Harrison abused Defendant Anthony L. Harrison's discretion and entered a plea of not guilty against Plaintiff's objections.

Plaintiff was not refusing to plea. Plaintiff was only attempting to seek clarification about the nature and cause of the actions against Plaintiff and the proceedings in order to make an informed plea. Plaintiff articulated this to Defendant Anthony L. Harrison through multiple objections. Despite these facts Defendant Anthony L. Harrison still entered a plea of not guilty absent the evidence/actions necessary to enter a plea over Plaintiff's objections.

13. Plaintiff's motion to strike/dismiss complaint request for full finding of facts and conclusion of law made the assertion of the violation of Plaintiff's constitutional right to a speedy trial. By raising the assertion of the violation of Plaintiff's constitutional right to a speedy trial, Plaintiff then asserted Plaintiff's constitutional right to a speedy trial. Plaintiff's attempts to raise the issue of the violation of Plaintiff's constitutional right to a speedy trial were thwarted by Defendant Anthony L. Harrison. Had it not been for Defendant Anthony L. Harrison's interruptions, rushing, and bullying tactics Plaintiff would have had the chance to address this most pertinent of issues. To date, Plaintiff has been made to suffer well over 1,567 days of mental and emotional distress, financial ruin, and defamation of character since Plaintiff's attempt to address these matters with the court. Plaintiff made Defendant Anthony L. Harrison and the court aware of the motions in Plaintiff's possession. But before Plaintiff could inform Defendant Anthony L. Harrison and the court of the issues raised in Plaintiff's motion to strike/dismiss Plaintiff was interrupted

by Defendant Anthony L. Harrison and told that Plaintiff's motion would only be heard if Plaintiff left the courtroom, went to the Court Clerk's office, and filed the motion with the Court Clerk. The motion would then be scheduled for a motions calendar and then Plaintiff would have to return at that date. (Evidence of all of the aforementioned actions and statements from this date can be found on the record/transcript of Case Number CR-1800318, Plaintiff's discovery motion, and motion to strike/dismiss complaint request for full finding of facts and conclusion of law have been attached labeled Exhibit A and Exhibit B respectively.)

14. After leaving the courtroom Plaintiff immediately went to the Court Clerk and District Attorney's offices to file both of the aforementioned motions that Plaintiff had in Plaintiff's possession. To date, October 17, 2019, it has been 510 days since Plaintiff filed Plaintiff's motion asserting Plaintiff's constitutional right to a speedy trial.

15. When Plaintiff left the Glynn County Superior Court, Plaintiff then went to the Glynn County Public Defender's Office and applied for a public defender.

16. **SEPTEMBER 10, 2018**:   On this date Plaintiff appeared for a calendar call. When Plaintiff arrived in the courtroom Plaintiff located Mr. Bill Johnson. Plaintiff had been made aware by way of mail from the Glynn County Public Defender's Office that Mr. Bill Johnson had been assigned as Plaintiff's assistant counsel. Immediately upon approaching Mr. Johnson, after Plaintiff

introduced Plaintiff's self to Mr. Johnson, Plaintiff informed Mr. Johnson of how it was essential to Plaintiff's defense to have independent lab testing of the DNA evidence in case number CR-1800318. Mr. Johnson said to Plaintiff that "the judge is not going to give you time for that" in response to Plaintiff's request to have an independent laboratory investigate the DNA evidence. Mr. Johnson made this statement to Plaintiff despite the facts that: (i). The prosecution took over 1,050 days from formally charging Plaintiff to indictment; (ii). To date, it had only been 110 days since indictment; (iii). The first time Plaintiff was brought before the court Plaintiff's rights were violated. After that Plaintiff sought legal counsel. (iv). The second time Plaintiff was before the court (September 10, 2018) was the first time that Plaintiff met with Plaintiff's legal counsel; (v). This being Mr. Johnson's first time meeting with Plaintiff, and Plaintiff had only received discovery less than 30 days prior to meeting Mr. Johnson, and upon meeting Mr. Johnson Plaintiff immediately informed Mr. Johnson of the fact that having independent laboratory testing of the DNA evidence was indispensable to a successful defense; (vi). At this time actions were taking place that led to civil case number 1:19-CV-4079 before the United States District Court for the Northern District of Georgia and Plaintiff had a calendar call date at Cobb County Superior Court. The prosecution and Mr. Johnson had previously agreed to a continuance due to the fact of Plaintiff's unlawful detention in Cobb County

Adult Detention Center. This continuance was granted by Defendant Anthony L. Harrison due to the fact that even though released, Plaintiff had to be back in Cobb County for court.

17. Regardless of these facts, after Mr. Johnson was informed of Plaintiff's need to have the DNA evidence independently investigated, Mr. Johnson did not inform the court of this at the calendar call or at any time since.

18. **SEPTEMBER 13, 2018:** On this date, upon arriving to Cobb County Superior Court, Plaintiff was ordered jailed in the Cobb County Adult Detention Center with no bond.

19. **AUGUST 27, 2019:** Plaintiff was released from the Cobb County Adult Detention Center.

20. **OCTOBER 11, 2019:** Plaintiff put Glynn County Court Clerk and Glynn County District Attorney's Offices on notice of Plaintiff's filing complaint, request for injunction, and removal.

21.                                **SUMMARY**
22.
23.
24. **VIOLATION OF RIGHT TO DUE PROCESS**
25.
26. Plaintiff's 4th, 5th, 6th, and 14th amendment rights were violated by the following actions of abuse of discretion and absence of fairness: (1). Entering a plea of not guilty over Plaintiff's objections. It is Plaintiff's right to enter an informed plea. The record will show, Plaintiff only attempted to seek

clarification about the nature and cause of the actions against Plaintiff in order for Plaintiff to make an informed plea Plaintiff's self. Plaintiff's respect and adherence to the Georgia Superior Court Rules of Conduct and Procedure along with Plaintiff's cooperation with Defendant Anthony L. Harrison made it straightforward of how Defendant Anthony L. Harrison could easily ascertain Plaintiff's intended plea (ensure Plaintiff was properly informed of the nature and cause of the actions against Plaintiff). Defendant Anthony L. Harrison is devoid of any evidence of Plaintiff refusing to enter a plea; (2). Ignoring Plaintiff's pleadings. During the arraignment hearing on May 25, 2018 Plaintiff had not filed Plaintiff's pleadings in the proper manner (motion to strike/dismiss complaint request for full finding of fact and conclusion of law), but due to the hardships that Plaintiff had been made to face by no fault of Plaintiff's own, it is fair to say that Defendant Anthony L. Harrison could have at least given some consideration to Plaintiff's pleadings being heard. The fact that the Assistant District Attorney assigned to Case Number CR-1800318 on the date of May 25, 2018 did not have to raise any argument against Plaintiff's motions being heard on the same date of the arraignment because Defendant Anthony L. Harrison raised the argument for the Assistant District Attorney more than reasonably brings Defendant Anthony L. Harrison's impartiality into question; (3). Jurisdiction challenged but not established. It is Plaintiff's understanding that Plaintiff has the right to challenge jurisdiction at any time.

The record of Case Number CR-1800318 will show Plaintiff challenging jurisdiction with valid, relevant clarifications about the nature and cause of the actions against Plaintiff and the proceedings. It is also Plaintiff's understanding that once Plaintiff challenges jurisdiction, jurisdiction then has to be established with factual evidence. Plaintiff's challenge to jurisdiction was thwarted by Defendant Anthony L. Harrison. No evidence was presented by the Assistant District Attorney, no arguments against Plaintiff's challenges were raised by the Assistant District Attorney. Plaintiff's challenges were only met by Defendant Anthony L. Harrison's reckless disregard for the oath of a standard of ethics Defendant Anthony L. Harrison was sworn to uphold. It is Plaintiff's understanding that for Defendants Anthony L. Harrison, Jackie Johnson, and Assistant District Attorney assigned to Case Number CR-1800318 to enjoy judicial immunity, Defendants Anthony L. Harrison, Jackie Johnson, and Assistant District Attorney assigned to Case Number CR-1800318 must establish subject matter jurisdiction. Where it is Plaintiff has challenged subject matter jurisdiction, and by all reasonable standards Defendants Anthony L. Harrison, Jackie Johnson, and Assistant District Attorney assigned to Case Number CR-1800318 have failed to establish jurisdiction, thereby opening themselves up to personal liability. It is Plaintiff's understanding that no officer of the court shall enjoy immunity simultaneously while denying someone due process; (4). Violation of equal

protection under the law: discrimination of class of one. Defendant Anthony L. Harrison's treatment of Plaintiff is far from the norm, as Plaintiff has sat in the courtroom and observed Defendant Anthony L. Harrison's ethical and appropriate treatment of other people. Plaintiff doing something as simple as exercising Plaintiff's constitutional right to be informed should not have caused Defendant Anthony L. Harrison to treat Plaintiff in an inappropriate and unethical manner;

27. (5). Ineffective assistance of counsel. Mr. Johnson's inaction in regards to Plaintiff's defense clearly shows ineffective assistance of counsel. Mr. Johnson has done nothing in over 400 days to take any action to challenge the prosecution's claims and/or evidence. The fact that Mr. Johnson misinformed Plaintiff in claiming that Defendant Anthony L. Harrison would not allow Plaintiff time to have an independent laboratory examine the DNA evidence while Defendants Anthony L. Harrison, Jackie Johnson, and Assistant District Attorney assigned to Case Number CR-1800318 have allowed the case to lagger on for 396 days as of October 11, 2019; (6). Speedy trial violation. As of October 11, 2019, it has been 1,567 days since Plaintiff was formally charged in case number CR-1800318. Plaintiff understands that Plaintiff does not enjoy a right to a speedy indictment but to make someone endure mental and emotional distress, financial ruin, and defamation of character for 3 years until indictment is inexcusable. Aside from this, the 504 days (as of October

11, 2019) from the filing of Plaintiff's motion to strike/dismiss complaint request for full finding of facts and conclusion of law which asserts Plaintiff's constitutional right to a speedy trial that still goes unheard by the Glynn County Superior Court is a further inexcusable violation of Plaintiff's constitutional right to a speedy trial. The fact that Defendants Anthony L. Harrison, Jackie Johnson, and Assistant District Attorney assigned to Case Number CR-1800318 allowed the case to lagger on while Plaintiff sat in the Cobb County Adult Detention Center for 347 days is beyond Plaintiff's control and is also inexcusable. If within the 347 days Plaintiff was held inside the Cobb County Adult Detention Center Defendants Anthony L. Harrison, Jackie Johnson, and Assistant District Attorney assigned to Case Number CR-1800318 would have taken action to have Plaintiff brought before the Glynn County Superior Court and have Plaintiff's motion to strike/dismiss complaint request for full finding of fact and conclusion of law heard Plaintiff's assertion of Plaintiff's constitutional right to a speedy trial would have been protected. This denial of access to the court was beyond Plaintiff's control. Evidence, witnesses, and mental recollection indispensable to Plaintiff's successful defense have been lost to time. Once again, these actions were well beyond Plaintiff's control; (7). It is Plaintiff's understanding that there is no exact time frame for the violation of one's constitutional right to a speedy trial. It is also Plaintiff's understanding that the Georgia State Supreme

Court has ruled that "5 years is too long". Case number CR-1800318 is nearing the 5 year mark.

## 28. CRUEL & UNUSUAL PUNISHMENT

29. Plaintiff's 8th amendment right was violated by the exorbitant and inexcusable amount of time Plaintiff was made to suffer mental and emotional distress, financial ruin, and defamation stemming from the widespread publication of the allegations in case number CR-1800318. (1). Because the allegations against Plaintiff are published and available to potential employers during background checks, it has made it nearly impossible for Plaintiff to hold steady, meaningful employment. Because of the allegations against Plaintiff, Plaintiff has been made to work remedial jobs when possible. Despite Plaintiff being college educated the public stigma of the allegations against Plaintiff have made it impossible for Plaintiff to obtain any employment that compliments Plaintiff's credentials;    (2). Because of the restraints on Plaintiff's liberty due to the bond conditions applied to Plaintiff, Plaintiff has not been allowed to utilize social media. Due to the growing use of social media by employers Plaintiff has suffered more detriment. This ban on Plaintiff's use of social media has caused Plaintiff further injury in the form of distress from not being able to maintain family and friend relationships/connections; (3). Another bond condition that Plaintiff has been made to suffer for nearly 5 years is not being able to be around anyone under the age of 18.

This bond condition made it impossible for Plaintiff to live at home with his wife and stepson, who, at the time, was 10 years of age. This led to Plaintiff financially having to support Plaintiff's home with Plaintiff's wife and stepson, Plaintiff's own children, and a home for Plaintiff's self. These added financial burdens eventually led to financial ruin for Plaintiff. These same financial burdens, along with Plaintiff being banned from Plaintiff's own household, destroyed Plaintiff's marriage. This bond condition has also made it impossible for Plaintiff to work/socialize in any environment where minors frequent or maintain and/or begin family and romantic relationships. Plaintiff has been made to suffer these burdens and restraints on Plaintiff's liberty for nearly 5 years. Plaintiff has been denied Plaintiff's fair day in court that is promised to Plaintiff by the United States Constitution. If Plaintiff would have died during this most exorbitant amount of time this allegation would have been tied to Plaintiff's name for all eternity. By denying Plaintiff an opportunity to clear Plaintiff's name for nearly 5 years all Defendants involved have robbed Plaintiff of key elements necessary to defend Plaintiff.