*Exhibit A*

Lord James Christopher
128 Edgewater Trl.
Canton, Ga. 30115

State Court of Glynn County State of Georgia

| | |
|---|---|
| State of Georgia ) | Case Number: CR-1800318 |
| plaintiff, ) | |
| vs. ) | |
| ) | **Motion to strike/dismiss complaint and** |
| Lord James Christopher ) | **request for full finding of fact and** |
| defendant ) | **conclusions of law** |

Now Comes Lord James Christopher, alleged defendant, by special appearance, not submitting to the court's jurisdiction, participating under threat, duress, and coercion, who hereby moves this court to strike/dismiss the complaint filed by a Glynn County Detective, for failure to present a cause of action or crime. Failure to present the court a case deprives the court of jurisdiction. Grounds are further set forth below. The court is further requested to provide a full findings of fact and conclusions of law if the court denies this motion.

Because some courts refuse to disclose the nature of the proceedings, this motion satisfies both civil and criminal question.

1. <u>No case, crime or cause of action</u>. The foundation for the court's jurisdiction is the purpose of American government itself, this is in the Declaration of Independence of 1776:

> "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. — *That to secure these rights,*

***Governments are instituted among Men***, deriving their just powers from the consent of the governed..." (emphasis added).

This is applicable to Georgia governments as one of the original 13 "states". This is also shown in several other state constitutions regarding the establishment of American governments: "governments...are established to protect and maintain individual rights."

This is why to have a case, cause of action or crime; a plaintiff must plead the violation of a legal right:

> "the duty of this court, as of ***every judicial tribunal***, is limited to ***determining rights*** of persons or of property, which are actually controverted in the particular case before it." Tyler v. Judges of the Court of Registration, 179 U.S. 405, 21 SCt. 206, 208.

The basic elements of a case or cause of action is the violation of a legal right and loss or harm. The alleged plaintiff, a legal fiction at best, ostensibly acting through the Glynn County investigating detective, has not pled any violation of a legal right or harm. Under the law, there is no cause of action:

> "A cause of action is some particular right of the plaintiff against the defendant, together with some definite violation of that right which occasions damage, whether the right arises by contract or tort. Ellison v. Ga. R. Co., 87 Ga. 691, 13 S.E. 809 (1891); City of Columbus v. Anglin. 120 Ga. 785(4), 48 S.E. 318 (1904). It may also be defined from the standpoint of duties, provided the complainant has proven a duty owed by the defendant to him, and a breach of that duty shown which results in loss to the complainant. Ellison v. Ga. R. Co., supra. There can be no right of action until there has been a wrong, that is, a violation of a legal right or breach of a legal duty..." Bryant v. Randall, 261 S.E.2d 602, 605-606.

This includes proceedings allegedly criminal in nature:

> "Causation consists of two distinct subelements. As legal scholars have recognized, before a defendant can be convicted of a crime that includes an element of causation, the State must prove beyond a reasonable doubt that the defendant's conduct was (1) the "cause in fact" and (2) the "legal cause" (often called "proximate cause") of the relevant harm...In order to establish that a defendant's

>conduct was the "cause in fact" of a particular harm, the State usually must demonstrate that "but for" the defendant's conduct, the harm would not have occurred." Eversly v. State, 748 So.2d 963, 966-967 (Fla. 1999).

>"It is a fundamental principle of law that no person be adjudged guilty of a crime until the state has shown that a crime has been committed. The state therefore must show that a harm has been suffered of the type contemplated by the charges (for example, a death in the case of a murder charge or a loss of property in the case of a theft charge), and that such harm was incurred due to the criminal agency of another. Thus, it is sufficient if the elements of the underlying crime are proven rather than those of the particular degree or variation of that crime which may be charged." State v. Allen, 335 So. 2d 823,825 (Fla. 1976).

>"It is a well-settled principal of law that a crime is an offense against the sovereignty, a wrong which the government deems injurious not only to the victim but to the public at large, and which it punishes through a judicial proceeding in the Commonwealth's name. 21 Am.Jur.2d 61, pp. 115-116. Though the same wrongful act may consititute both a crime and a tort, the tort is a private injury which is to be pursued by the injured party. Id., at [section] 2, p. 116. Criminal prosecutions are not to settle private grievances but are to rectify the injury done to the Commonwealth." Com. v. Malloy, 450 A.2d 689, 691.

Even if the absurd claim is made harm is not a necessary element of a real crime, the complaint is still fatally flawed as there is no accusation alleged defendant violated any one's legal rights.

If there were a true adversary against alleged defendant, it would be laughable to even try to discuss causation because defendant is not accused of causing anything, real or *imagined*.

2. <u>No corpus delecti</u>. The corpus delecti is the "body of the crime" itself. Virtually every American jurisdiction agrees it's an absolutely essential element of any crime and is consistent with the stated purpose of American governments:

>"In every criminal trial, the prosecution must prove the corpus delecti, or the body of the crime itself - i.e., the fact of injury, loss or harm, and the existence of a criminal agency as its cause." People v. Sapp, 73 P.3d 433, 467 (Cal. 2003) [quoting People v. Alvarez, (2002) 27 Cal.4th 1161, 1168-1169, 119 Cal.Rptr.2d 903, 46 P.3d 372.] (Calif).

"In order to prove that a crime occurred, the State must prove beyond a reasonable doubt: (1) the basic injury..., (2) the fact that the basic injury was the result of a criminal, rather than a natural or accidental cause..." State v. Libero, 83 P.3d 753, 763 (2003), [quoting State v. Dudoit, 55 Haw. 1, 2, 514 P.2d 373, 374 (1973)] (Hawaii).

"Occurrence of injury or loss, and its causation by criminal conduct, are termed the "corpus delecti." People v. Assenato, 586 N.E.2d 445, 448, 166 Ill.Dec. 487, 490. (Illinois).

"While the corpus delecti must be proved beyond a reasonable doubt...it may be established by circumstantial evidence..." James v. State, 248 A.2d 910, 912. (Maryland)

"Criminal responsibility is imposed on the basis of the intentional doing of an act with awareness of the probability that the act will result in substantial damage, regardless of whether the injury turns out to be minor or insignificant." Com. v. Ruddock, 520 N.E.2d 501. (Massachusettes)

"Proof of the corpus delecti is required in all criminal cases...There are three basic elements in the proof of a crime: (1) the occurrence of loss or injury, (2) criminal causation of that loss or injury and (3) the identity of the defendant as the perpetrator of the crime. However, it is firmly established in this State that the term corpus delecti embraces only the first two of these elements-loss or injury and criminal causation." State v. Hill, 221 A.2d 725, 728.

"The two elements of "corpus delecti" are that loss or injury has occurred and that loss or injury occurred through criminal agency; identity of party responsible for act is not element of corpus delecti." Com. v. Rieland, 471 A.2d 490, 491.

And from Georgia:

"In defining 'corpus delecti' Wharton says: 'It is made up of two elements: (1) That a certain result has been produced...(2) That some one is criminally responsible for the result..." McVeigh v. State, 53 S.E.2d 462, 469 (Georgia).

This is not the same as the "corpus delecti rule" which is not an element of the alleged crime, but a procedural rule.

There is no corpus delecti pled in the complaint. Without a corpus delecti there is no crime:

"It is true that the above care all cases of felonious homicide, but the doctrine [of corpus delecti] is in nowise peculiar to such cases; it is equally applicable to all criminal cases." <u>State v. Gelzeiler</u>, 128 A. 240.

3. <u>Lack of jurisdiction</u>. Because there is no corpus delecti, there is no crime. Yes, there is a so-called "crime" alleged on paper (if this alleged to be a criminal proceeding), but the allegation fails to meet every legal standard of what a crime is because there is no cause of action, or legal injury pled. American governments are established for the sole purpose of protecting rights; a true crime requires the violation of a legal right. Alleged defendant is not accused of violating anyone's legal rights, therefore, there is no crime/case or cause of action pled and the court has no jurisdiction.

4. <u>Not in any real sense adversary</u>. If there were a true adversary against alleged defendant, it would be laughable to even try to discuss causation because defendant is not accused of causing anything, real or *imagined*. There is no adversary, alleged plaintiff, a fiction at best, ostensibly acting through The Glynn County investigating detective, who has not alleged the violation of a legal right. The complaint is "unfit for adjudication":

> "The [Supreme] Court has found unfit for adjudication any cause that "is not in any real sense adversary," that "does not assume the 'honest and actual antagonistic assertion of rights' to be adjudicated..." <u>Poe v. Ullman</u>, 367 U.S. 497, 505 (1961).

5. <u>No evidence of presence within State and laws applicable</u>. There are no facts pled to prove my presence within the plaintiff State of Georgia and the laws of the state are applicable to me. Such evidence is essential to prove jurisdiction.

Mere geographic location is not evidence of presence within the alleged plaintiff, State of Georgia. It's impossible to prove my presence <u>within the alleged plaintiff</u> beyond a reasonable

doubt or a preponderance of evidence. The State of Georgia, while obviously not geographic, is at best political as it did not exist prior to 4th of July 1776.

The phrase State of Georgia appears to be not much more than a dba (doing business as) or pseudonym for lawyers and police officers.

As the laws of the state only apply within the state, there is no evidence, and nothing alleged, the law of the state apply to me.

If this is a criminal proceeding, then the assigned judge is obligated to presume my innocence until it is proven beyond a reasonable doubt. The judge may not assume the law is applicable <u>now</u> because it is an essential element of the alleged crime.

Last, the argument the laws apply to me just because I'm physically in Georgia has no factual support. All the court has at this point is an allegation I violated the laws of the "state", that allegation is not evidence the laws apply because I am physically in Georgia. At best, all the prosecution may do is offer more argument and opinion, no facts proving the laws of the "state" apply to me just because I am physically in Georgia.

6. A statutory presumption cannot be sustained if there be no rational connection in common experience between the fact proved and the ultimate fact presumed. P. 319 U. S. 467.

*Tot v. United States,*
*319 U.S. 463 (1943)*

7. "One accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial. And it has long been

recognized that an instruction on the presumption [of innocence] is one way of impressing upon the jury the importance of that right."

*Taylor v. Kentucky, 436 U.S. 478, 98 S. Ct. 1930, 56 L. Ed. 2d 468, 1978 U.S. LEXIS 95 ( U.S. May 30, 1978)*

8. <u>Court's jurisdiction not enlarged by police authority or custom</u>. The jurisdiction of the courts is limited to protecting rights; this cannot be enlarged by alleging the police have authority to issue tickets/complaints/accusations. Such authority does not work to trump fundamental limitations on the courts.

No amount of police "authority" may enlarge the limits of the adversary system. Adversary systems require true adversaries, this requires allegations and proof of injury. The plaintiff has failed to make such allegations. While police may have "authority" to issue tickets/complaints/ accusations, they must still allege injury (cause of action or case) for the court to acquire jurisdiction.

Also, the court's jurisdiction may not be enlarged due to custom. Regardless of how many years the courts have been prosecuting tickets/complaints/accusations that fail to present a cause of action and true adversaries, there is still no subject matter jurisdiction where a valid cause of action has not been pled.

## Conclusion

Because the plaintiff, a fiction, has failed to allege the required elements of a cause of action/crime, there is no real adversary and there is no corpus delecti, the Court has no

jurisdiction. Defendant has also been denied a speedy trial. As such, the court should either strike the complaint filed against alleged defendant or dismiss it with prejudice.

Submitted this 25th day of May 2018

_____
Lord James Christopher
128 Edgewater Trl.
Canton, Ga. 30115

Certificate of service

This is to certify that a true and correct copy of the foregoing has been delivered this 25th day of May 2018, to the plaintiff at the following address:

Superior Court of Glynn County State of Georgia
701 H St.
Brunswick, Ga. 31520

_____
Lord James Christopher