FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 3:04 pm, Sep 02, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LORD JAMES CHRISTOPHER, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-130 |
| v. | |
| GLYNN COUNTY, et al., | |
| Defendants. | |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims in their entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY** Plaintiff's Motion to Appoint Counsel. Doc. 3. Further, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 2.

### PLAINTIFF'S CLAIMS[1]

Plaintiff's claims in this action concern criminal charges against him for child molestation in the Glynn County Superior Court (the "Glynn County prosecution"). Doc. 1-4 at 1. Plaintiff appeared on May 25, 2018 before Glynn County Superior Court Judge Harrison for

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

his arraignment in that case.  Id.  Plaintiff alleges he attempted to make certain motions during the May 25, 2018 arraignment, but Judge Harrison refused to allow him to do so, informing Plaintiff that motions would only be heard at a scheduled motions hearing.  Id. at 2–3.  Plaintiff indicates Judge Harrison believed Plaintiff was refusing to enter a plea to the charges, but Plaintiff was merely "attempting to seek clarification about the nature and cause of action[] against [himself]."  Id. at 3.  Plaintiff says Judge Harrison then entered a plea of "not guilty" on his behalf, despite Plaintiff's "objections."  Id.  Upon leaving the courthouse, Plaintiff applied to have a public defender represent him.  Id.

Plaintiff appeared before the Glynn County Superior Court again on September 10, 2018.  Id. at 4.  Plaintiff explains that he met with his appointed lawyer, Bill Johnson with the Glynn County Public Defender's Office, for the first time in the courtroom just before the September 10, 2018 hearing began.  Id.  Plaintiff informed Mr. Johnson he wanted a DNA test performed on certain evidence in the State prosecution.  Id. at 5.  During the September 10, 2018 hearing, Judge Harrison granted a joint request for a continuance in the Glynn County prosecution based on the fact that Plaintiff was facing pending charges in Cobb County, Georgia, and he was due to appear in court in the Cobb County case.[2]  Id.  Mr. Johnson did not raise the DNA test request to the court at the September 10, 2018 hearing.  Id.  Plaintiff does not allege any additional facts about the Glynn County prosecution in his Complaint.  There is no information before the Court suggesting the Glynn County prosecution has been resolved, and the Court assumes that case is still pending.

---

[2]   Plaintiff explains he appeared in the Cobb County Superior Court on September 13, 2018, concerning the Cobb County charges and was "ordered jailed . . . without bond."  Doc. 1-4 at 6.  Plaintiff alleges he remained in custody on Cobb County charges until August 27, 2019.  Id.

2

Plaintiff names seven Defendants in this action: (1) Glynn County, Georgia; (2) the Glynn County Sheriff's Department; (3) the Glynn County Superior Court; (4) Jackie Johnson, the Glynn County District Attorney; (5) Judge Anthony L. Harrison; (6) E. Neal Jump, Sheriff of Glynn County; and (7) an Unknown Glynn County Assistant District Attorney. Doc. 1 at 1–2; Doc. 1-2 at 1–3. Plaintiff claims Defendants violated his constitutional rights, citing the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Doc. 1 at 5. Plaintiff seeks injunctive relief, declaratory judgment, and monetary damages. Doc. 1 at 5.

At base, Plaintiff wants this Court to intervene in the ongoing Glynn County prosecution, end that prosecution, and then award Plaintiff monetary damages for alleged constitutional violations he contends occurred during the course of that prosecution. Specifically, Plaintiff contends the Glynn County prosecution has been pending for an inordinate amount of time.[3] Plaintiff asserts this is a basis for this federal court to end the prosecution and bar future prosecution for the alleged offense. Additionally, Plaintiff contends the judge presiding over the Glynn County prosecution, Defendant Anthony L. Harrison, has not ruled on Plaintiff's pro se motions in that case and has treated Plaintiff less favorably than other criminal defendants. Plaintiff also claims his appointed lawyer in the Glynn County prosecution, non-party Bill Johnson, has rendered ineffective assistance of counsel by doing nothing in the case for a long period of time and providing bad legal advice about the likelihood of DNA testing of certain evidence. Finally, Plaintiff claims he has been forced to spend an inordinate amount of time on bond waiting for the case to go to trial, and, as a result, his bond conditions have imposed an

---

[3] Plaintiff states that 110 days elapsed between the date of the indictment and Plaintiff's arraignment on September 10, 2018, which would mean the indictment was filed on or about May 23, 2018. Plaintiff filed this suit in October 2019. Therefore, it appears the Glynn County prosecution may have been pending for approximately 17 months at the time Plaintiff initiated this suit. The Court notes that, by Plaintiff's own account, he was incarcerated on other charges in Cobb County for approximately 11 months of that time, and he was released from custody approximately 2 months before filing this suit.

unconstitutional hardship on him. In sum, Plaintiff asserts claims concerning Judge Harrison's conduct of proceedings in the Glynn County prosecution and alleged delays in the case, claims related Mr. Johnson's representation in that case, and claims related to Plaintiff's time on bond.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

I.  **Plaintiff's Claims for Injunctive Relief and Declaratory Relief**

Plaintiff brings this § 1983 action related to the state court criminal prosecution against him.  Doc. 1-4 at 6–10.  Plaintiff takes issue with numerous aspects of his state court criminal proceeding and asserts that the proceedings violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  Doc. 1 at 5; Doc. 1-4 at 6–12.  In addition to monetary relief, Plaintiff seeks both injunctive relief and a declaratory judgment.  Doc. 1 at 5.  For injunctive relief, Plaintiff seeks: (1) an immediate stay of prosecution; (2) that the state court criminal complaint against him be stricken or dismissed; (3) a "bar of prosecution"; and (4) production of all records related to his state court criminal prosecution.  Id.

While Plaintiff's sought-after injunctive relief varies, in essence, he is asking for this Court to intervene in his ongoing state criminal prosecution.  Federal courts should not intervene in ongoing state criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.  Younger v. Harris, 401 U.S. 37, 45 (1971).  Specifically, under the Younger-abstention doctrine, federal courts should abstain from intervening in a state criminal prosecution unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Younger v. Harris, 401 U.S. 37, 44–46 (1971).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972).

Here, Plaintiff has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. See Younger, 401 U.S. at 53–54 (citing Watson v. Buck, 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" and that the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution," could not themselves constitute irreparable harm.)); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Furthermore, Plaintiff fails to show he has no state corrective process. Plaintiff can plainly address his grievances in the course of the Glynn County prosecution or through other state-court collateral proceedings. Plaintiff has not shown the kind of exceptional circumstances that would warrant federal intrusion in his state court criminal prosecution at this time. Therefore, Plaintiff's claims for injunctive relief, should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813–14 (11th Cir. 2008) (affirming sua sponte dismissal under § 1915A due to Younger-abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger-doctrine is without prejudice, and does not preclude later re-filing of the complaint").

Plaintiff also seeks a declaratory judgment that Defendants' actions violated his constitutional rights. Doc. 1 at 5. Much like injunctive relief, a federal court should abstain under Younger where a declaratory judgment would effectively enjoin state proceedings. Old

6

Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) ("[T]he principles of Younger apply to declaratory judgments that would effectively enjoin state proceedings."). In declaring the Glynn County prosecution unconstitutional, as Plaintiff requests, this Court would be effectively enjoining Plaintiff's state proceedings. Under Younger, a federal court must abstain from doing so. Id. Accordingly, Plaintiff's claim for a declaratory judgment should be dismissed without prejudice.

Plaintiff also argues (seemingly, in the alternative) that the conditions of his pretrial release are unconstitutional, doc. 1-4 at 11–12, which could be construed as a request for injunctive relief in the form of release from pretrial custody. However, a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"[4] Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). To the extent Plaintiff is challenging the fact and duration of his confinement, and is seeking release from that confinement, he is requesting habeas corpus relief.

As for the proper form of habeas relief, a challenge to the legality of pretrial detention (as opposed to detention pursuant to a judgment of conviction) is properly brought pursuant to 28

---

[4] While awaiting trial, Plaintiff appears to be on bond, rather than in physical custody. Doc. 1-4 at 12. Federal courts have jurisdiction to entertain habeas corpus petitions "only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015). In the context of habeas proceedings, the "in custody" requirement may be met where a petitioner is on probation, parole, or out on bail. Price v. Sec'y, Fla. Dep't of Corr., 548 F. App'x 573, 575 (11th Cir. 2013). Here, Plaintiff's custody meets the "in custody" requirement for habeas corpus purposes.

7

U.S.C. § 2241.  See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261–62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254.  However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241.").  Accordingly, to the extent Plaintiff seeks injunctive relief to release him from pretrial custody, that portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint.  Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies.  Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486).  Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a necessary prerequisite for filing a federal habeas petition.

For these reasons, I **RECOMMEND** the Court **DISMISS without prejudice** all of Plaintiff's claims for injunctive relief and declaratory judgment.

## II. Plaintiff's Damages Claims

In addition to the above mentioned injunctive and declaratory relief, Plaintiff seeks monetary relief from all Defendants.  Doc. 1 at 5.

### A. Plaintiff's Claims Lacking Factual Support

Plaintiff ostensibly asserts claims for monetary damages against the following Defendants: (1) Glynn County, Georgia; (2) the Glynn County Sheriff's Department; (3) the Glynn County Superior Court; (4) Jackie Johnson, the Glynn County District Attorney; (5) E. Neal Jump, Sheriff of Glynn County; and (6) an Unknown Glynn County Assistant District Attorney.  Doc. 1 at 1–5; Doc. 1-2 at 1–3.  However, Plaintiff asserts no facts in support of any plausible claim against these Defendants.

To state a claim against a defendant, a plaintiff must provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 "does

not require 'detailed factual allegations,'" to successfully state a claim, a complaint must bring "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Moreover, the complaint must do more than simply allege facts—it must show that each named defendant was involved in at least one of the purported violations asserted as claims. See id. at 678 (noting that plaintiffs must allege enough facts to show "more than a sheer possibility that a defendant has acted unlawfully"); Oliver v. Conner, No. 5:11-cv-72, 2011 WL 3878351, at *1 (S.D. Ga. Aug. 2, 2011) (recommending dismissal when plaintiff made "no factual allegations" against named defendants). Here, Plaintiff makes no factual allegations against any of these Defendants. Thus, Plaintiff fails to state a claim against these Defendants.[5] Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants Glynn County, Georgia; the Glynn County Sheriff's Department; the Glynn County Superior Court; Jackie Johnson, the Glynn County District Attorney; E. Neal Jump, Sheriff of Glynn County; and Unknown Glynn County Assistant District Attorney.

---

[5] Additionally, Plaintiff's claims against most, or all, of these Defendants would be subject to dismissal for other reasons. For example, Defendants Glynn County Sheriff's Department and Glynn County Superior Court are not legal entities subject to suit under § 1983. Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (finding sheriff's departments are not usually entities subject to suit in Georgia under § 1983); Pullum v. Batchelor, No. 1:11-cv-2621, 2011 WL 7063406, at *3 (N.D. Ga. Nov. 16, 2011) (finding a Georgia Superior Court was not a person subject to suit under § 1983); see also Stegman v. Georgia, 290 F. App'x 320, 322–23 (11th Cir. 2008) (holding claims against Georgia Superior Courts are barred by the Eleventh Amendment). Plaintiff does make a brief allegation that Defendants Johnson or Unnamed Assistant District Attorney allowed his state court case to "lagger on" for an extended period of time. Doc. 1-4 at 9. However, prosecutors are entitled to absolute immunity from suit for all actions taken while performing in their function as an advocates for the government. Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). Here, Plaintiff makes no allegation that Defendants Johnson or Unnamed Assistant District Attorney committed any acts outside of their roles as advocates for the government, and these Defendants would be entitled to absolute immunity.

### B.  Plaintiff's Claims Against Defendant Harrison

Plaintiff also asserts claims for monetary damages against Defendant Harrison concerning Defendant Harrison's conduct in the course of presiding over the Glynn County Prosecution, including the imposition of Plaintiff's bond.  Doc. 1-4 at 2–4, 7–12.

Plaintiff's claims against Defendant Harrison are barred by judicial immunity.  Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously.  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in § 1983 actions).  Absolute immunity not only protects against liability but also against a case going to trial at all.  Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  To determine whether a judge is entitled to absolute immunity from money damages under § 1983, a two-part test was established in Stump: (1) whether the judge dealt with the plaintiff in a judicial capacity; and (2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)).  The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916.

Plaintiff complains about Defendant Harrison's actions or omissions in his capacity as a judicial official, in a case pending before Defendant Harrison, in which Plaintiff was a named party.  Although Plaintiff alleges he tried to challenge whether Defendant Harrison had jurisdiction over him, doc. 1-4 at 2, nothing in Plaintiff's Complaint indicates Defendant Harrison was acting in the "clear absence of all jurisdiction."[6]  Stump, 435 U.S. at 356 ("Because

---

[6]  It appears Plaintiff has been charged with the crime of child molestation under Georgia statute § 16-6-4.  Doc. 1-4 at 1.  Section 8 of Chapter 6, Title 15 of the Georgia Code provides that "[t]he

10

'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . . ,'[] the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.") (quoting Bradley v. Fisher, 80 U.S. 335, 352 (1871)).  Thus, Defendant Harrison is entitled to absolute judicial immunity from Plaintiff's § 1983 claims for monetary damages.

For these reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Harrison.

### C. Plaintiff's Claim for Ineffective Assistance of Counsel

Plaintiff makes a claim for ineffective assistance of counsel, although it is unclear against whom Plaintiff makes this claim.  Doc. 1-4 at 9.  Plaintiff does not argue he was not provided any counsel whatsoever.  Instead, Plaintiff argues that the actions or inactions of his appointed public defender—Mr. Bill Johnson—amounted to ineffective counsel.  Id. at 4–9.  However, Plaintiff did not name Mr. Johnson as a Defendant in this case.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  Am. Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  If Plaintiff had brought suit against Mr. Johnson, the claim would likely fail because an attorney, whether retained or appointed, who represents an individual in criminal proceedings does not act under color of state law, and, therefore cannot be sued under § 1983.  Polk County v. Dodson, 454 U.S. 312, 319–20 (1981) (holding that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a

---

[Georgia] superior courts have authority: [t]o exercise original, exclusive, or concurrent jurisdiction, as the case may be, of all causes, both civil and criminal."  Such jurisdiction includes the offense of child molestation.  There is no question Defendant Harrison was acting in his judicial capacity in presiding over the proceeding involving the state's prosecution of Plaintiff and that the court properly exercised jurisdiction in that matter.

11

defendant in a criminal proceeding[,] . . . [and] the complaint against [plaintiff's appointed attorney] must be dismissed."); Wusiya v. City of Miami Beach, 614 F. App'x 389, 392 (11th Cir. 2015) ("Public defenders do not act under color of state law for purposes of section 1983 'when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (citing Polk County, 454 U.S. at 325)).  Plaintiff makes no other factual allegations regarding this claim, other than those related to Mr. Johnson, whom he does not name as a Defendant.  Absent a claim against his counsel, it is unclear exactly who Plaintiff seeks to hold liable for this alleged deprivation or what facts tie that unspecified individual to Plaintiff's claim.  Further, it is doubtful § 1983 allows for the recovery of monetary damages at all for ineffective assistance of counsel claims against any party.[7]  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for ineffective assistance of counsel.

## IV.     Appointment of Counsel and Leave to Proceed *in Forma Pauperis*

Plaintiff filed a Motion to Appoint Counsel.  Doc. 3.  In this civil case, Plaintiff has no constitutional right to the appointment of counsel.  Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  Id. (citing Bass, 170 F.3d at 1320).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Fowler v.

---

[7]     One federal court stated that it had "been unable to find a single case where the plaintiff was awarded money damages under a § 1983 claim for deprivation of the right to counsel."  Bradley v. Health Midwest, Inc., 203 F. Supp. 2d 1254, 1259 (D. Kan. 2002).  That court cited to an opinion from another federal court, which stated, "Admittedly, this court is unaware of any case in which money damages have been awarded for the deprivation of counsel."  O'Hagan v. Soto, 523 F. Supp. 625, 630 (S.D.N.Y. 1981).

Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015)); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. Doc. 2. After careful consideration, and in light of the recommendations above, the Court **DENIES** Plaintiff's Motion. Id.

## CONCLUSION

For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims in their entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also

**RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I **DENY** Plaintiff's Motion to Appoint Counsel.  Doc. 3.  Further, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 2.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

14

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of September, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA